Filed 7/26/24  In re E.D. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re E.D. et al. Persons Coming Under the Juvenile Court Law. | B325821 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.D.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 22CCJP03033A-B) |

APPEAL from an order of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Judge.  Dismissed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

G.D. (father) appeals the juvenile court's November 23, 2022 order declaring his two daughters (minors), born in December 2012 and July 2017 respectively, dependents under Welfare and Institutions Code section 300, subdivision (b) based on father's failure to protect minors from mother's substance abuse. We dismiss father's appeal as moot.

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

In his opening brief, father challenges the sufficiency of the evidence supporting the court's jurisdictional findings against him. Father does not challenge the jurisdictional findings against mother, nor does he challenge the court's disposition orders. The sustained jurisdiction allegation states:

"[Minors' mother] has a history of alcohol abuse and prescription medication, which renders the mother incapable of providing the children with regular care and supervision. On 6/12/22, the mother used prescription medication along with alcohol in a public setting while the children were in the mother's care

2

and supervision.  The mother lost consciousness due to alcohol intoxication and required medical care and hospitalization.  On 7/1/22, the mother was involved in a vehicle collision and arrested and charged with VCDUI Alcohol 0.08 [percent].  On 7 /22/22, the mother had a positive toxicology screen for Ethanol. The mother's alcohol abuse interferes with providing regular care and supervision of the children.  The father, . . . , knew of the mother's substance abuse and failed to protect the children in that the father allowed the mother to reside in the children's home and to have unlimited access to the children.  The mother's alcohol abuse and the father's failure to protect the children endanger the children's physical health and safety, create a detrimental home environment and place the children at risk of serious physical harm, damage and failure to protect."

While the current appeal was pending, the juvenile court entered orders terminating dependency jurisdiction over minors, ordering mother and father to share joint legal custody of minors, with mother having primary physical custody and father having unmonitored visitation.  The order terminating jurisdiction was entered on May 2, 2024, and on July 3, 2024, we provided the parties an opportunity to address whether we should take judicial notice of the court's May 2, 2024 order and declare father's appeal moot.  Father filed a letter brief arguing his appeal was not moot, and alternatively asking us to entertain the otherwise moot question based on the possibility of future negative repercussions stemming from the sustained

3

jurisdictional allegations.  The Los Angeles County Department of Children and Family Services filed a letter brief arguing that father's appeal was moot and should be dismissed.

Courts have a "duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]  A case becomes moot when events ' "render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.]  For relief to be 'effective', two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re Gael C.* (2023) 96 Cal.App.5th 220, 224, quoting *In re D.P.* (2023) 14 Cal.5th 266, 276.)

Reaching the merits of father's appeal would be an academic exercise for two distinct reasons:  first, the juvenile court's exercise of jurisdiction based on mother's substance abuse remains unchallenged, making father's appeal nonjusticiable; second, the juvenile court no longer has jurisdiction over the matter, making father's appeal moot, because no effective relief is available.

The juvenile court assumed jurisdiction based on findings against both mother and father, but mother has not appealed, and father does not challenge the jurisdictional findings concerning her.  "An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties'

4

conduct or legal status." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490 (*I.A.*); *In re L.O.* (2021) 67 Cal.App.5th 227, 237–238.)

In addition, father has not filed any appeal from the juvenile court's May 2, 2024 custody orders. Having failed to do so, his current appeal is moot because father has not identified any "tangible legal or practical consequence of the jurisdictional finding that would be remedied by a favorable decision on appeal." (*In re D.P., supra*, 14 Cal.5th at p. 278; see also *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.) Taking judicial notice of the minute order entered on May 2, 2024, (Evid. Code, § 452, subd. (d); 459, subd. (a)), we conclude father's appeal is moot.[1]

We recognize our discretion to consider the otherwise moot contentions father has raised on appeal, but even accounting for the considerations outlined in *In re D.P., supra*, 14 Cal.5th at pages 282–287, we decline to exercise our discretion here because any possible stigma stemming from the "failure to protect" jurisdictional finding against father is minimal; it does not appear from the record or from father's filings with this court that any future proceedings would be impacted by the jurisdictional finding, as the factual and procedural context give it little to no bearing on any future determination of father's willingness or ability to protect minors.

---

[1] Father has separately appealed a juvenile court order sustaining a petition under Welfare and Institutions Code section 342. We decline to consolidate this appeal with that pending, and not yet briefed, appeal.

## DISPOSITION

The appeal is dismissed as moot.
NOT TO BE PUBLISHED.


MOOR, J.

I concur:


LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

In re G.D. et al.
B325821


BAKER, Acting P. J., Concurring



I agree the juvenile court's finding of jurisdiction should not be disturbed.  But I reach that conclusion on the merits, not as a matter of mootness doctrine.  There is substantial evidence that G.D. did not adequately protect the children from a substantial risk of serious physical harm arising from L.S.'s extensive and rather well-known abuse of alcohol.



BAKER, Acting P. J.